# **EXHIBIT M**

RXIN 531

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _[signature]_ ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery |
| 1. Article Addressed to:<br><br>Coral Premium Water Filters<br>5700 Braxton Drive, Ste. 100<br>Houston, Texas 77036<br>Attention: President | D. Is delivery address different from item 1?  ☐ Yes<br>   If YES, enter delivery address below:  ☐ No<br><br>3. Service Type<br>■ Certified Mail  ☐ Express Mail<br>☐ Registered  ■ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7009 2250 0002 0062 6670 |

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

# DELIO, PETERSON & CURCIO, LLC

**INTELLECTUAL PROPERTY**

**PATENTS, TRADEMARKS AND COPYRIGHTS**

700 STATE STREET, SUITE 402
NEW HAVEN, CONNECTICUT 06511

TELEPHONE (203) 787-0595    FACSIMILE (203) 787-5818
E-MAIL delpet@delpet.com
www.delpet.com

ANTHONY P. DELIO
PETER W. PETERSON
ROBERT CURCIO

KELLY M. NOWAK
DAVID R. PEGNATARO

PARAPROFESSIONALS

TODD W. PATTIST
BRENDA A. SULLIVAN
THOMAS E. CIESCO

November 11, 2015

<u>U.S. CERTIFIED MAIL NO. 7009 2250 0002 0062 6670)</u>
<u>RETURN RECEIPT REQUESTED</u>
Coral Premium Water Filters
5700 Braxton Drive, Suite 100
Houston, Texas 77036

**Attention: President**

Re:  Filter Cartridge Patent Infringement
     Our Docket No.: KXIN531

Dear Sir or Madam:

This firm is intellectual property counsel to KX Technologies LLC ("KXT"), a Marmon Water/Berkshire Hathaway Company, and represents KXT in connection with its patent, trademark, and copyright matters.

As you may be aware, KXT manufactures and sells filter cartridges of many types. Most of the KXT filter cartridge designs are patented, including the cassette filter cartridge produced for installation in refrigerators for manufacturers such as Frigidaire.

For example, KXT is the Assignee and rightful owner of the following United States Design Patents:

   a.  U.S. Patent No. D656,578 issued on March 27, 2012 titled "CASSETTE FILTER" (Exhibit 1);

   b.  U.S. Patent No. D656,579 issued on March 27, 2012 titled "CASSETTE FILTER AND COVER PLATE" (Exhibit 2); and

   c.  U.S. Patent No. D656,580 issued on March 27, 2012 titled "CASSETTE FILTER MANIFOLD" (Exhibit 3).

KXT is also the assignee and rightful owner of the following United States Utility Patents:

   a.  U.S. Patent No. RE37,216 reissued on June 12, 2001 titled "WATER TREATMENT CARTRIDGE AND BASE" (Exhibit 4); and

-2-

    b.    U.S. Patent No. 9,061,225 issued on June 23, 2015 titled "REINFORCED RECEIVER FOR CASSETTE FILTER LOCKING CLIP" (Exhibit 5).

All cassette filters produced by KXT are properly marked with the aforementioned patent numbers.

It has recently come to our attention that Coral Premium Water Filters ("Coral") has duplicated and sold cassette filters in the United States by reproducing the patented features of the KXT design. These Coral cassette filters have been sold to replace the Frigidaire cassette filter cartridge. Exhibit 6. This reproduction by Coral of the KXT cassette filter cartridge constitutes making and selling a patented product and is a direct violation of KXT's intellectual property rights under the United States Patent Laws.

Title 35 of the United States Code, section 271(a), explicitly states that whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States, during the term of the patent therefore, infringes the patent. A violation under this section is actionable in civil court pursuant to 35 U.S.C. § 281.

In addition, by offering the cassette filter cartridge for sale in the United States, you are also liable for contributory infringement of the Water Treatment Cartridge and Base system protected by U.S. Patent No. RE37,216. Exhibit 4. This type of infringement is defined by 35 U.S.C. § 271(c):

> Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

The duplicate cassette filter cartridge sold by Coral has no other use except as part of the Water Treatment Cartridge and Base system patented by KXT.

We further note that there are, at most, only insignificant differences between the cassette filter cartridge sold by Coral and KXT's cassette filter cartridge design protected by the design patents delineated above. The United States Court of Appeals for the Federal Circuit has determined that minor differences between a patented design and an accused article's design cannot, and do not, prevent a finding of infringement. *See, e.g., Thomas & Betts Corp. v. Litton Sys., Inc.*, 720 F.2d 1572, 1579, 220 USPQ 1, 6 (Fed. Cir. 1983). Moreover, the Federal Circuit has unanimously ruled that the "ordinary observer" is the sole test to determine design patent infringement. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008) (*en banc*). Under this standard, designs with many points of novelty may not be shielded from infringement simply because an infringer omits a single "novel" design feature. In this instance, Coral's cassette filter cartridge is a duplicate of KXT's cassette filter cartridge.

Our client takes this matter very seriously. The unauthorized and illegal duplication of a patented cassette filter cartridge undermines our client's innovative design, and capitalizes on our

client's extensive research and development activities, the results of which are protected under the law by U.S. patents. Despite the seriousness of this violation, our client understands that not all cassette filter cartridge suppliers are fully aware of their legal obligations under the patent laws. Accordingly, KXT is willing to amicably settle this matter, and to excuse this violation of its rights provided that you agree to the following terms and conditions:

1. Coral must immediately cease and desist from the above-referenced duplicating, making, using, offering for sale, distributing, and/or selling of any filter cartridges that violate KXT's patents;

2. Coral must identify the supplier and manufacturer of its cassette filter cartridges, including the address and telephone number of both the supplier and manufacturer, as well as the name of a contact representative for each;

3. Coral must provide an accounting of all subject filter cassettes sold in the United States by Coral or by Coral distributors, including total quantity and sales revenues on a month-to-month basis;

4. To the extent Coral owns any tooling and/or molding in the United States dedicated to the making of the infringing cassette filter cartridges, Coral must destroy or have destroyed said tooling and/or molding, and provide verification to our office of said destruction;

5. Coral must remove from inventory all cassette filter cartridge products from sale and from distribution channels, including but not limited to any cassette filter cartridges retained or warehoused by Coral and/or its distributors, by consumer-to-consumer Internet websites such as ebay.com, or by other online retailers such as amazon.com, and provide verification to our office of said removal;

6. Coral must destroy all cassette filter cartridges' related product literature, marketing, and advertising material that offer the infringing products for sale, and provide verification to our office of said destruction;

7. Coral must see to the removal from the Internet of all advertisements of the infringing cassette filter cartridges, such as the advertisement on its website (www.coralfilter.com), and all advertisements on social media sites, if any, such as FACEBOOK and the like, that offer the infringing products for sale, and provide verification to our office of said removal; and

8. Coral must agree to the terms and obligations set forth in this letter by signing at the bottom, dating and returning the attached copy of this letter. We must receive the signed letter within twenty one (21) days of the date of this letter.

By accepting the above offer to settle this matter amicably, KXT does not release Coral from any of the above claims KXT may have against Coral for duplicating KXT's cassette filter cartridges, but agrees not to bring suit against Coral for such claims for so long as Coral complies with the terms set forth herein. This offer is conditional upon Coral acting expeditiously in this matter and may be withdrawn at any time.

-4-

If we fail to hear from you, we will conclude that you intend to disregard KXT's legitimate intellectual property rights and we will proceed accordingly. We trust that you recognize the seriousness of this matter and our client's commitment to enforce its rights to the fullest extent permissible under law.

We look forward to hearing from you within twenty one (21) days from the date of this letter as to your intentions. Your response should clearly indicate your agreement to the terms of this letter and may not modify the terms herein. This letter is without prejudice to our client's rights.

Sincerely yours,

**DeLIO, PETERSON & CURCIO LLC**

Robert Curcio

RC/ddd
Enclosures

cc:   KX Technologies LLC

**AGREED TO:**

**CORAL PREMIUM WATER FILTERS**

By:_____
                          (print name)

Authorized Officer's Title:_____

Date:_____