**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| KX TECHNOLOGIES, LLC<br>Plaintiff | ) |
| v. | ) |
| | ) 3:16-cv-00745 CSH |
| Dilmen LLC d/b/a Coral Premium Water Filters,<br>and<br>Huseyin Dilmen d/b/a Mirage Basics | ) |
| | ) April 10, 2017 |
| Defendants | ) |

**PLAINTIFF KX TECHNOLOGIES LLC'S MEMORANDUM OF LAW**
**IN SUPPORT OF AN EVIDENTIARY HEARING**
**ON COSTS AND ATTORNEY FEES**

Plaintiff, KX Technologies, LLC, respectfully submits this Memorandum of Law in support of an evidentiary hearing on costs and attorney fees in the above-identified matter.

## I. Introduction

On February 15, 2017, this Court ruled on Plaintiff's motion for default judgment (PACER/ECF Dkt. No. 34), awarding a permanent injunction, destruction of infringing products, advertisements, catalogs, and brochures, as well as permission to alter all internet sites promoting the infringing goods to remove all references to the infringing products. Ruling on Motion for Default Judgment, PACER/ECF Dkt. No. 34 at 8-9.

A default judgment was entered against defendants on February 16, 2017. PACER/ECF Dkt. No. 37.

Regarding damages, costs, and attorneys' fees, this Court has referred these matters to Magistrate Judge Sarah A. L. Merriam for an inquest as to the appropriate amounts. PACER/ECF Dkt. No. 36.

On March 22, 2017, Plaintiff filed a motion for a hearing on damages, costs, and attorneys' fees representing that Plaintiff was unable to acquire sufficient legal precedent that would indicate damages and attorneys' fees could be awarded in patent cases pursuant to 35 U.S.C. §§ 284 & 285 without a hearing. PACER/ECF Dkt. No. 42. This Court granted Plaintiff's motion for an evidentiary hearing. PACER/ECF Dkt. No. 45.

Plaintiff provides herein legal authority for an award of costs and attorney fees in this matter, exhibits and an affidavit supporting Plaintiff's contention that this case should be deemed "exceptional", and an affidavit delineating the costs and attorney fees requested. For reasons explained herein, Plaintiff elects not to pursue damages.

## II. Evidence Presented

Plaintiff does not intend to call any witnesses at this hearing. Plaintiff intends to rely on two affidavits for this hearing.

The affidavit of David Pegnataro is submitted to offer: a) the Cease and Desist Letters presented to Defendants prior to the filing of the Complaint, and Defendants acknowledgement of receipt (offered as exhibits to the Complaint); b) email correspondence between Plaintiff's counsel and Defendant prior to the filing of the Complaint (offered as an exhibit to the Complaint); c) printed portions of Internet websites demonstrating the offers for sale by Defendants of the infringing devices under various business entities (offered as exhibits to the Complaint); and d) printed portions of recent Internet websites indicating that Defendants

continue to offer the infringing devices for sale after a Default Judgment, even under altered names.

The affidavit of Sheila Panza is submitted to provide evidentiary support for costs and attorney fees. A list of the exhibits delineated in the aforementioned affidavits is presented in Exhibit A attached hereto, along with a brief description of each exhibit, and the legal basis for admissibility.

**III. Applicable Facts**

On November 11, 2015, Defendants were notified by United States Certified Mail that they were offering for sale and/or selling water filters that infringed Plaintiff's CASSETTE FILTER Technology Patents, and were requested by Plaintiff to cease and desist the infringing activities. Pegnataro Declaration, ¶ 4, Exhibit 1; Plaintiff's Exhibit 1. On December 9, 2015, Defendants were notified by United States Certified Mail that they were offering for sale and/or selling water filters that infringed Plaintiff's PUSH-PUSH Technology Patents, and were requested by Plaintiff to cease and desist the infringing activities. Pegnataro Declaration, ¶ 5, Exhibit 2; Plaintiff's Exhibit 2. On February 16, 2016, Defendant Huseyin Dilmen was again notified by email to remove the infringing Coral Premium Water Filters from the Amazon.com website. Pegnataro Declaration, ¶ 6, Exhibit 3; Plaintiff's Exhibit 3.

Unbeknownst to Plaintiff at that time, after receiving the aforementioned cease and desist letters, Defendants began offering for sale and/or selling the infringing products under a different label, "Mirage Basics", in an attempt to evade and undermine Plaintiff's intellectual property rights. Pegnataro Declaration, ¶ 7, Exhibit 4; Complaint, ¶ 10, PACER Dkt. No. 1; Plaintiff's Exhibit 4.

Plaintiff filed this case on May 17, 2016. After submitting an Answer to the Complaint, Defendants failed to plead or otherwise defend this case. Defendants never responded to Plaintiff's discovery requests. Notably, Defendants dismissed their attorneys after receiving discovery requests from Plaintiff. PACER/ECF Dkt. No. 23.

Since the granting of Plaintiff's Motion for Default Judgment, it has come to Plaintiff's attention that Defendants continue to evade the enforcement of Plaintiff's intellectual property rights. Defendants have not removed internet listings of the infringing products under the Coral Premium Water Filters label. Pegnataro Declaration, ¶¶ 8 & 9, Exhibit 5; Plaintiff's Exhibit 5. Furthermore, Defendants have recently changed the spelling of its Coral Filter entity to obfuscate detection and enforcement, using disingenuous entity monikers such as Co**rrall** FILTER and **K**oral Filter. Pegnataro Declaration, ¶ 10, Exhibit 5. They have also removed the Coral Filter label on the filter cartridges and associated product packaging on some advertisements where these changed entity monikers are used. Pegnataro Declaration, Exhibit 5; Plaintiff's Exhibit 5.

## IV. Applicable Law

The applicable statute on damages, interest, and costs in a patent infringement case is codified in Title 35 of the United States Code, which reads in pertinent part:

> Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, *together with interest and costs as fixed by the court*.

35 U.S.C. § 284 (2015) (emphasis added).

Costs shall be awarded by the Court upon finding for claimant in the action. The Court fixes these costs as it deems appropriate.

Additionally, the Patent Act's provision on attorney fees authorizes district courts to award attorney fees to prevailing parties in "exceptional cases."

> The court in exceptional circumstances may award reasonable attorney fees to the prevailing party.

35 U.S.C. § 285 (2015).

Section 285 imposes one and only one constraint on district courts' discretion to award attorney's fees: The power is reserved for "exceptional" cases. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 110 USPQ2d 1337, 1341, 188 L. Ed. 2d 816 (2014).[1]

The U.S. Supreme Court issued concurrent decisions in *Octane* and *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1749, 110 USPQ2d 1343, 188 L. Ed. 2d 829 (2014). Taken together, the Court clarified what constitutes an "exceptional case" and the appropriate standard that the U.S. Court of Appeals for the Federal Circuit is to apply when reviewing a district court's award of attorney fees under Section 285. Justice Sotomayor, speaking for a unanimous Court in both cases,[2] stated that an exceptional case is "simply one that stands out from others with respect to the substantive strength of a party's litigation position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane*, 134 S. Ct. at 1756, 110 USPQ2d at 1341, 188 L. Ed. 2d at 825.

After a district court finds a case "exceptional," it still must decide whether an award of attorney fees is appropriate and, if so, the amount of attorney fees to award. See, *ICON Health & Fitness, Inc. v. Octane Fitness, LLC*, 576 Fed. App'x 1002, 1005 (Fed. Cir. 2014) (on remand).

---

[1] Prior to *Octane*, according to the Federal Circuit, a case was deemed "exceptional" under section 285 in only two limited circumstances: (1) "when there has been some material inappropriate conduct," or (2) when a party's litigating position was both "objectively baseless" and "brought in subjective bad faith." *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005).

[2] Justices Roberts, Kennedy, Thomas, Ginsburg, Breyer, Alito, and Kagan joined the *Octane* decision, with Justice Scalia also joining except as to footnotes 1–3. All Justices joined the *Highmark* decision in its entirety.

The Federal Circuit had adopted a two-part test for determining when a case qualified as "exceptional," requiring that the claim asserted be both objectively baseless and brought in subjective bad faith. The Supreme Court rejected that test on the ground that a case presenting "subjective bad faith" alone could "sufficiently set itself apart from mine-run cases to warrant a fee award." *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S. Ct. 1923, 1933, 118 USPQ2d 1761, 1766, 195 L. Ed. 2d 278, 291 (2016) (citing, *Octane*, 134 S. Ct. at 1757, 110 USPQ2d at 1342).

The *Octane* Court noted that the Federal Circuit, like the regional circuits before it, instructed district courts to consider the totality of the circumstances when making fee determinations under § 285:

> We hold, then, that an "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances. As in the comparable context of the Copyright Act, "'[t]here is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have identified.'"

*Octane*, 134 S. Ct. at 1756, 110 USPQ2d at 1341 (citing, *Fogerty v. Fantasy, Inc.*, 510 U. S. 517, 534, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994)).

Furthermore, in *Octane* the Supreme Court rejected the Federal Circuit's requirement that patent litigants establish their entitlement to attorney fees under § 285 by clear and convincing evidence, stating instead that patent litigation be governed by a preponderance of the evidence standard.

> [P]atent infringement litigation has always been governed by a preponderance of the evidence standard, and that is the "standard generally applicable in civil actions," because it "allows both parties to 'share the risk of error in roughly equal fashion.'"

*Octane*, 134 S. Ct. at 1756, 110 USPQ2d at 1343 (overruling *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1382 (Fed. Cir. 2005)) (internal citations omitted).

Thus, the determination is to be made on a case-by-case basis, based on a preponderance of the evidence standard that considers the totality of the circumstances.

The *Highmark* Court further held that the question of whether § 285 attorney fees are appropriate is a question rooted in fact, to be reviewed for "abuse of discretion," not a question of law reviewed *de novo*. *Highmark*, 134 S. Ct. at 1747, 110 USPQ2d at 1345, 188 L. Ed. 2d at 832.

Essentially, a prevailing party needs to show, by a preponderance of the evidence, that the case is exceptional to be entitled to attorney fees. And, if a district court awards reasonable attorney fees, the Federal Circuit must review such decisions under the "abuse of discretion" standard.

The dual policies of compensation and deterrence often underlie § 285 attorney fees awards. See, *Octane*, 134 S. Ct. at 1757 n.6, 110 USPQ2d at 1341 n.6 (noting "the need in particular circumstances to advance considerations of compensation and deterrence").

**V. This Case Should be Deemed "Exceptional" Pursuant to § 285**

Plaintiff respectively requests that this Court consider this case "exceptional" pursuant to § 285. Given the facts presented of Defendants' conduct, and Defendants' continuing actions to evade detection and enforcement, Plaintiff submits that an award of attorney fees and costs is warranted under the circumstances.

As described above, Defendants' failure to plead or otherwise defend this case was done knowingly with conscious disregard of these proceedings. Significantly, Defendants dismissed their attorneys of record, and then did not enter an appearance in this action in direct opposition to this Court's order. PACER/ECF Dkt. 24. Defendants dismissed their attorneys after receiving discovery requests from Plaintiff, and then ignored these discovery requests.

Pertinent to the discovery requests, the willful disregard of these requests by Defendants leaves Plaintiff with no basis for predicting (and therefore, requesting) damages under either a lost profits theory or a reasonably royalty theory.

Based on the limited response in this case by Defendants, it is clear that Defendants are aware of their actions and responsibilities.

Defendants orchestrated dilatory tactics and acted in bad faith. As noted above, Defendants ignored two Cease and Desist letters from Plaintiff, which caused Plaintiff to file this lawsuit. Furthermore, unbeknownst to Plaintiff at the time, Defendants began offering for sale and/or selling the infringing products under a different label, "Mirage Basics" in an attempt to evade Plaintiff's cease and desist demand, and purposely undermine Plaintiff's intellectual property rights.

Even upon the ordering of a Default Judgment, Defendants have continued to offer for sale and/or sell the infringing products. Pegnataro Declaration, ¶¶ 8 & 9, Exhibit 5.

Defendants continue deliberately to evade responsibility and accountability in this regard. Defendants' actions remain ongoing and willful, as infringing products by Coral Premium Water Filters and Mirage Basics continue to be offered for sale in the marketplace.

Plaintiff respectfully submits that is request for cost and fees are reasonable and justifiable considering Defendants' intransigence and willful actions of evasion.

**VI. Costs**

Costs other than attorney fees are allowed as of course to the prevailing party unless the Court otherwise directs. Fed. R. Civ. P. 54(d)(1); 35 U.S.C. § 284. Plaintiff's costs for filing include: $400.00; serving documents: $1347.19 (even after receiving two Cease and Desist letters, Defendant was evasive in service of process, requiring Plaintiff to hire an investigator);

and delivery costs: $65.33; totaling $1812.52. Panza Declaration, ¶ 7; Exhibit 1; Plaintiff's Exhibit 6.

**VII. Attorney Fees**

Plaintiff respectfully submits that the activities pursued by its attorneys, including enforcing its intellectual property rights, promoting settlement negotiations after Defendants received the two Cease & Desist letters, filing a complaint when it became evident that Defendants were further evading infringement by continuing to sell the infringing product(s) under another label ("Mirage Basics"), serving Defendants, holding a scheduling conference and filing a Joint Scheduling Report pursuant to the federal rules, preparing discovery requests, timely preparing and submitting to Defendants' counsel of record Plaintiff's Asserted Claims and Initial Contentions pursuant to the Court's Standing Order in Patent Cases, and preparing motions for default entry and default judgment, were entirely reasonable and foreseeable.

Plaintiff has itemized its attorney fees inclusive of the aforementioned activities. The attorney fees requested total $34,712.50. Panza Declaration, ¶ 6; Exhibit 1; Plaintiff's Exhibit 6. A redacted summary of contemporaneous time records are submitted herewith as verification of these activities. Panza Declaration, Exhibit 1; Plaintiff's Exhibit 6. These activities were all performed under the client docket nos. KXIN531 and KXIN905.

Plaintiff respectfully requests that this Court consider fully relief delineated above, and award Plaintiff accordingly.

Respectfully submitted,

**KX TECHNOLOGIES, LLC**

Date: April 10, 2017

By: /s/ Robert Curcio

Robert Curcio (ct 18791)
David R. Pegnataro (ct 28854)
**DELIO, PETERSON & CURCIO LLC**
700 State Street, Suite 402
New Haven, CT 06511
Email: efilings@delpet.com; rcurcio@delpet.com
(203) 787 – 0595

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2017 a copy of the foregoing **PLAINTIFF KX TECHNOLOGIES LLC'S MEMORANDUM OF LAW IN SUPPORT OF AN EVIDENTIARY HEARING ON COSTS AND ATTORNEY FEES** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Via U.S. Mail to:

Huseyin Dilmen and
Dilmen LLC
5700 Braxton Drive
Suite 100
Houston, TX 77036

By: /s/ Robert Curcio
Robert Curcio (ct 18791)
David R. Pegnataro (ct 28854)
**DeLio, Peterson & CURCIO LLC**
700 State Street, Suite 402
New Haven, CT 06511
Email: efilings@delpet.com;
rcurcio@delpet.com
Tel.: (203) 787 - 0595

KXIN905_Memorandum _of_Law-Evidentiary-Hearing